JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Jack Kelly ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} This appeal involves an allegation of ineffective assistance of counsel. The original charges in this case stemmed from a series of physical altercations between appellant and his girlfriend. Although appellant's girlfriend originally filed charges against him, she later recanted her statements to the police and denied that appellant had committed any transgressions against her. Although the victim wanted the case dropped, the state believed her recantations were motivated by fear rather than conscience. The state relied on statements she made to law enforcement officers at the time she filed her complaints, as well as the testimony of those police officers who individually processed those complaints.
 {¶ 3} On June 3, 2004, the Grand Jury returned a multicount indictment against appellant in CR-452680. Counts one and two of the indictment charged abduction, count three charged assault, and count four charged disrupting public service. The state voluntarily dismissed this indictment on October 13, 2004, apparently as a result of the victim failing to appear to testify at trial. When the case was scheduled for retrial, the police learned from the victim that appellant had perpetrated other, as yet charged, acts of violence. It then refiled the case as *Page 4 
CR-455608, under a new indictment. The new indictment contained the previously filed charges and added as counts five and six charges of felonious assault, which were alleged to have occurred on March 16, 2004 and May 9, 2004, respectively. Count seven charged intimidation.
 {¶ 4} On October 13, 2004 trial commenced, although prior to trial appellant made motions to dismiss and for grand jury minutes. Both motions were denied. After a four-day trial, appellant was found guilty of two counts of abduction, one count of assault, two counts of felonious assault, and one count of intimidation. The court sentenced appellant to thirteen years in prison. Appellant appealed his conviction in State of Ohio v. Kelly, Cuyahoga County App. No. 85662,2006-Ohio-5902, and the convictions in counts one, two, and seven were vacated. The other convictions were upheld and the evidence found to be sufficient.
 {¶ 5} On January 29, 2007 a resentencing hearing took place, and after the court carefully reviewed all of the facts, a sentence of thirteen years was imposed. Appellant now appeals based on ineffective assistance of counsel.
 II {¶ 6} Assignment of error: "The defendant was denied the effective assistance of counsel when counsel failed to request a new trial based upon the prejudicial effect of the previously dismissed charges."
 III *Page 5 {¶ 7} A motion for new trial is within the sound discretion of the trial court, and the court's ruling on the motion will not be disturbed on appeal absent an abuse of discretion. Where there is competent credible evidence to support the trial court's decision, an appellate court should not substitute its judgment for that of the trial court.State v. Darkenwald, Cuyahoga App. No. 83440, 2004-Ohio-2693.
 {¶ 8} Crim.R. 33(A), New Trial, provides the following:
 "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
 (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
 (3) Accident or surprise which ordinary prudence could not have guarded against;
 (4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;
 (5) Error of law occurring at the trial;
 (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered *Page 6 evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."
 {¶ 9} A claim of ineffective assistance of counsel requires proof that counsel's "performance has fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from that performance. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different."State v. Bradley, supra, paragraph three of the syllabus.
 {¶ 10} The burden is on appellant to prove ineffectiveness of counsel.State v. Gray, Cuyahoga App. No. 83097, 2004-Ohio-1454, citing State v.Smith (1985), 17 Ohio St.3d 98, 17 Ohio B. 219, 477 N.E.2d 1128. Trial counsel is strongly presumed to have rendered adequate assistance. Id. Moreover, this court will not second-guess what could be considered to be a matter of trial strategy. Id. Finally, failure to object to error alone is not sufficient to sustain a claim of ineffective assistance.State v. Fears, 86 Ohio St.3d 329, 1999-Ohio-111, 715 N.E.2d 136. *Page 7 
 {¶ 11} Appellant alleges that his representation was ineffective because his trial attorney failed to request a new trial. As a basis for this new trial, appellant argues that there was a "possibility that due to the cumulative effect of the initial charges, the jury was swayed into finding defendant guilty." However, appellant failed to provide any evidence demonstrating that the jury used the same analysis to find him guilty of the remaining charges that they used when they found him guilty of the abduction and intimidation counts.
 {¶ 12} Appellant's argument consisted of an assertion that "there is no doubt the jury used the same analysis and/or consideration of the evidence and the court failed to re-evaluate the case." However, no evidence beyond this assertion was provided in appellant's brief.
 {¶ 13} Moreover, we find significant evidence supporting the jury's decision. There was significant testimony to substantiate physical abuse on the part of appellant. The officers involved were able to observe for themselves the injuries that coincided with the victim's account of the attacks. Furthermore, the police were able to view the victim's demeanor at the time of the incidents, which corroborated the fact that she was indeed assaulted by appellant.
 {¶ 14} Assuming arguendo appellant's above argument had merit, it would still fail. The United States Supreme Court has stated that "law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same *Page 8 
issues in subsequent stages in the same case." Arizona v.California (1983), 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318, citing 1B J. Moore T. Currier (1982), Moore's Federal Practice, P0. 404. The Ohio Supreme Court has interpreted the law of the case doctrine to provide that the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 11 Ohio B. 1, 462 N.E.2d 410.
 {¶ 15} The "law" in the law of the case doctrine is controlling here. The doctrine applies to the law as interpreted by a higher court, precluding relitigation of legal issues that have been decided with finality. It is, in essence, a mandate for the lower courts to apply the law as interpreted by higher courts. State ex rel. Sharif v.McDonnell, 91 Ohio St.3d 46, 47-48, 2001-Ohio-240, 741 N.E.2d 127;Nolan, 11 Ohio St.3d at 3. The law of the case doctrine is discretionary in application, subject to three excep tions: (1) the evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice. United States v. Becerra (C.A.5, 1998), 155 F.3d 740, 752-53;State v. Larkins, Cuyahoga App. No. 85877, 2006-Ohio-90.
 {¶ 16} There was nothing in the case at bar that would allow for one of the three exceptions above. Here, the law of the case doctrine prevents defense *Page 9 
counsel from seeking a new trial on the three affirmed convictions. Counsel was not ineffective for its failure to ask for a new trial.
 {¶ 17} We find that the evidence demonstrates that the jury did indeed consider each count separately and was not swayed by the cumulative effect of the charges by returning a verdict of not guilty on the charge of disrupting public service after the original trial.
 {¶ 18} Again, even if trial counsel had done everything appellate counsel suggests, those efforts would not have overcome the evidence. We find the actions of the trial court to be proper and find no evidence of ineffective assistance of counsel.
 {¶ 19} Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE
 KENNETH A. ROCCO, J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1